IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Andre Reynolds,<br><br>    Plaintiff,<br><br>v.<br><br>David Steiner, Dormes Black, Donte Bessent, and Mya Simpson,<br><br>    Defendants. | Case No.: 3:25-cv-00344-SAL<br><br><br>**ORDER** |

Robert Andre Reynolds ("Reynolds") brings this employment discrimination case against several employees of his former employer, the United States Postal Service ("USPS"). Reynolds asserts claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and the Rehabilitation Act, 29 U.S.C. § 791. Before the court are two motions. First, Reynolds moves for an entry of default against David Steiner ("Defendant"). [ECF No. 46.] Second, Defendant moves to dismiss Reynolds's complaint under Rule 12(b)(6). [ECF No. 48.] United States Magistrate Judge Shiva V. Hodges, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), issued a Report and Recommendation ("Report"), recommending Reynolds's motion be denied[1] and Defendant's motion be granted in part and denied in part.[2] [ECF No. 58.] Specifically, the

---

[1] Reynolds does not object to the magistrate judge's recommendation that his motion for an entry of default be denied. [ECF No. 58 at 8–9.] Accordingly, the court need not review this finding de novo. *See Field*, 663 F. Supp. 2d 449 at 451 n.1 ("The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made."). That said, even upon de novo review, the court agrees that this motion should be denied. Defendant filed the present motion to dismiss before the responsive pleading deadline. [ECF No. 48.] Accordingly, Reynolds's motion fails.

[2] Reynolds noted in his response in opposition to Defendant's motion to dismiss that he did not oppose dismissal of Dormes Black, Donte Bessent, and Mya Simpson—noting that he maintained his claim against Louis Dejoy in his official capacity. [ECF No. 53 at 5.] The magistrate judge later recommended that this court grant Defendant's motion to dismiss on this issue and dismiss

1

magistrate judge recommends dismissing Reynolds's claims under the Rehabilitation Act but allowing his FMLA claims to proceed. *Id.* Reynolds now objects. [ECF No. 60.]

## I. Background

Reynolds claims he was wrongfully terminated from his position at USPS on September 12, 2022. [ECF No. 1 at 6.] On March 20, 2023—189 days after his removal from federal service, Reynolds first contacted an equal employment opportunity ("EEO") counselor regarding his allegations of disability discrimination. [ECF No. 48-1 at 2.] USPS sought dismissal of Reynolds's claims as untimely under 29 C.F.R. § 1614.107(a)(2). *Id.* at 1. On March 29, 2024, an administrative judge with the Equal Employment Opportunity Commission ("EEOC") found Reynolds's EEO counselor contact was untimely and dismissed his complaint. *Id.* at 3. After an unsuccessful appeal, Reynolds filed this suit.

## II. Legal Standard

### A. Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616,

---

Black, Bessent, Simpson, and any individual capacity claims. [ECF No. 58 at 9.] The court agrees that these claims should be dismissed. Accordingly, the court grants Defendant's motion to dismiss with regard to Black, Bessent, Simpson, and any individual capacity claims.

622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court need not give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009). That said, the Fourth Circuit has instructed district courts that *pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnet*, 24 F.3d 582, 587 (4th Cir. 1994).

### B.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The court need not, however, accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." *Id.* at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss, a court can consider "documents that are explicitly incorporated into the complaint by reference," documents "attached to the complaint as exhibits," and documents attached to a motion to dismiss, if they are "integral to the complaint" and "authentic." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

### III. Discussion

Reynolds seeks relief in part under the Rehabilitation Act. [ECF No. 58 at 2 n.3.] The magistrate judge found this claim should be dismissed for failure to exhaust administrative remedies and that Reynolds was not entitled to equitable tolling. [ECF No. 58 at 10–16.] Reynolds objects to this recommendation, ECF No. 60, so the court reviews his claim de novo.

Before filing a lawsuit alleging violations of the Rehabilitation Act, a plaintiff must first exhaust his administrative remedies. *See, e.g.*, *Melendez v. Sebelius*, 611 F. App'x 762, 763 (4th Cir. 2015). As a part of the exhaustion requirement, a federal employee "must initiate contact with an [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). When an employee fails to comply with these time limits, the federal agency "shall dismiss" the employee's complaint. 29 C.F.R. § 1614.107(a)(2) and (b); *Lambert v. Kendall*, C/A No. 2:22-02234-DCN-MHC, 2023 WL 5343659, at *5 (D.S.C. May 9, 2023).

To benefit from equitable tolling, a plaintiff must show that "(1) he had been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be

4

unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Reynolds claims he plausibly alleged facts to support equitable tolling. [ECF No. 60 at 4.] Specifically, he argues that he had no notice of the filing deadline and that multiple medical issues caused him to miss it. *See id.*; ECF No. 53 at 3. The court disagrees.

First, Reynolds had at least constructive knowledge of the 45-day EEO contact requirement. He previously filed a timely EEO complaint. *See* ECF No. 48-3 at 4; *Lewis v. Leavitt*, No. 1:07 CV 375, 2008 WL 3413300, at *4 n.5 (M.D.N.C. Aug. 8, 2008) (finding the doctrine of equitable tolling did not apply where the "[p]laintiff was well-acquainted with the EEO filing process because she had filed EEO charges before bringing the one that is at issue here."). Moreover, the administrative record reveals that Reynolds attended training sessions regarding the EEO process and deadlines for contacting an EEO counselor.[3] [ECF No. 48-3 at 4.]

Second, Reynolds fails to explain how his medical conditions prevented him from timely contacting an EEO counselor. *See Belton v. Hagel*, C/A 3:14-02118-JMC, 2015 WL 2451217, at *4 (D.S.C. May 22, 2015) (on motion to dismiss, holding the plaintiff's medical conditions of tinnitus and gaze palsy did not warrant equitable tolling when she failed to explain how her medical conditions hindered her ability to file her appeal); *see also United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004). While "[p]ro se litigants are entitled to some deference from the courts," they are nonetheless subject to timing requirements, just as other litigants. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). The court also notes that Reynolds managed to file for unemployment

---

[3] The court may consider the administrative record on a Rule 12(b)(6) motion. *See Allen v. Shawney*, No. 11-cv-10942, 2013 WL 2480658, at *13 (E.D. Mich. June 10, 2013).

immediately following his removal and participate in unemployment proceedings. [ECF No. 53 at 4.] Thus, Reynolds's arguments do not support application of the equitable tolling doctrine, and his claim under the Rehabilitation Act is subject to dismissal.[4]

## IV.    Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error. Additionally, the court reviewed de novo the parts of the Report to which Reynolds objected. The court hereby **adopts** the Report, ECF No. 58. As a result, Reynolds's motion for entry of default is **denied**. Defendant's motion to dismiss, ECF No. 48, is **granted in part and denied in part**. Reynolds's claims against Defendants Dormes Black, Donte Bessent, Mya Simpson, and any individual capacity claims are dismissed **with prejudice**. Reynolds's claims under the Rehabilitation Act are likewise dismissed **with prejudice**. This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

April 27, 2026                                      Sherri A. Lydon
Columbia, South Carolina                           United States District Judge

---

[4] Reynolds also argues that the magistrate judge's recommendation of dismissal on timeliness grounds is premature at the motion to dismiss stage. [ECF No. 60 at 3.] The court disagrees and finds Reynolds's case is one of the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *see also id.* ("This principle only applies, however, if all facts necessary to the affirmative defense clearly appear[ ] on the face of the complaint.") (citation and emphasis omitted)). As all the facts necessary for the court's ruling are apparent from either the face of the complaint or documents integral to the complaint, the court finds that the magistrate judge properly addressed this issue.